UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KAREEM ALBARATI,

                Petitioner,                Case No. 1:19-cv-747

v.                                      Honorable Janet T. Neff

S.L. BURT,

                Respondent.

_____/

## OPINION

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## **Discussion**

### I. **Factual allegations**

Petitioner Kareem Albarati is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon County, Michigan. Following a two-day jury trial in the Wayne County Circuit Court, on June 20, 2016, Petitioner was convicted of possession with intent to deliver morphine, possession with intent to deliver amphetamine, felon in possession of a firearm, carrying a concealed weapon, and possession of a firearm during commission of a felony-third offense. On July 7, 2016, the court sentenced Petitioner as a third habitual offender to concurrent sentences of 7 years, 1 month to 40 years for the morphine offense, 7 years, 1 month to 14 years for the amphetamine offense, 6 to 10 years for felon in possession of a firearm, and 4 to 7 years for carrying a concealed weapon. Those concurrent sentences were to be served consecutively to a sentence of 10 years for possession of a firearm during commission of a felony.

On September 5, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied that date. Nor did Petitioner identify the date he signed his application. The initial postmark indicates the petition was mailed on September 5, 2019. (ECF No. 1, PageID.7.) The petition was received by the Court on September 12, 2019. For purpose of the preliminary analysis under Rule 4, I have used the date of the postmark as the filing date. As set forth fully below, the exact date Petitioner signed the petition or provided it to prison officials for mailing is not critical to the Court's disposition of the petition.

The petition does not raise any specific grounds for relief. It touches upon the procedural history of Petitioner's prosecution, conviction, and his direct appeal. Petitioner also notes that he filed a motion for relief from judgment in the trial court which was denied. He acknowledges his time to seek leave to appeal that decision is running, but has not yet expired. He also expresses his intention to file another such motion raising more new issues "based on newly discovered facts and evidence" for the trial court's consideration. (Pet., ECF No. 1, PageID.3.)

Petitioner is cognizant that there is a time limit for filing habeas petitions. He suggests, however, that he does not understand the application of that time limit in light of the continuing state court consideration of the various claims he is presently pursuing or wants to pursue. To ensure that his claims will be timely if and when he eventually raises them, Petitioner asks this Court to stay his petition and hold it in abeyance until he is finished in the state courts.

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte*

when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not identify the issues he raised on direct appeal. Nonetheless, to the extent he raised the issues in the Michigan Court of Appeals and the Michigan Supreme court, those issues are exhausted.

The issues Petitioner raised in his first motion for relief from judgment, however, have not been raised in either of the Michigan appellate courts. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues in the state courts the issues he presented in his motion for relief from judgment. He may seek leave to appeal the trial court's denial of the motion in the Michigan Court of Appeals and then the Michigan Supreme Court.

State remedies also appear to be available with regard to the "newly discovered facts and evidence" issues. Although Petitioner may only file motion for relief from judgment, *see* Mich. Ct. R. 6.502(G)(1), there is an exception where the subsequent motion truly is based on new evidence. Mich. Ct. R. 6.502(G)(2). To properly exhaust his "new evidence" claims, Petitioner must file a motion for relief from judgment in the Wayne County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28

U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because it appears that Petitioner intends to raise some claims that were exhausted on direct appeal and some that are not exhausted, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). Petitioner asks the Court to apply the stay-and-abeyance remedy to his petition.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period typically runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Petitioner appealed his

---

[1] The date the judgment becomes final is not the only possible start date for the period of limitation. For "new evidence" claims, the period of limitation would start on the later of the date the judgment became final and "the date

conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application initially on September 12, 2018. Petitioner then sought reconsideration. The Supreme Court denied reconsideration by order entered February 4, 2019. It does not appear that Petitioner petitioned for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 5, 2019. Accordingly, absent tolling, Petitioner would have one year, until May 5, 2020, in which to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed such a motion, but he does not indicate when he filed the motion. The trial court denied the motion on June 25, 2019. Even though the trial court denied the motion and Petitioner has not yet filed an application for leave to appeal, the collateral proceeding remains pending. *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016) ("[The] AEDPA's one-year statute of limitations was tolled during the period in which [petitioner] could have, but did not, appeal the Michigan Court of Appeals' denial of his motion for post-conviction relief.") Under Michigan Court Rule 7.205(G), Petitioner may file an application for leave to appeal the trial court's denial of his motion up to 6 months after the order is entered. Therefore, Petitioner's period of limitation is presently tolled.

---

on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2241(d)(1)(D).

The period of limitation ran, at most, from May 5, 2019, to June 25, 2019. Therefore, Petitioner has at least 314 days remaining. If he filed his motion for relief from judgment before June 25, 2019, he has even more days remaining. If he filed before May 5, 2019, the period of limitation has not even started running.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2] Petitioner has significantly more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

---

[2] The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

I have concluded that Petitioner's application should be denied for lack of exhaustion.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion.  Therefore, a certificate of appealability will be denied.  Moreover, the Court concludes that any appeal would not be in good faith.  *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

The Court will enter an order and judgment consistent with this opinion.


Dated:   October 21, 2019                         /s/ Janet T. Neff
                                                 Janet T. Neff
                                                 United States District Judge